1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN RAY SCHILLEREFF,

Petitioner,

v.

STATE OF WASHINGTON,

Respondent.

Case No. C06-5509FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:
December 29ᵗʰ, 2006**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

**INTRODUCTION AND DISCUSSION**

Petitioner challenges an October 7, 2004 conviction (Dkt. # 9 page 4).  According to Mr.

Shillereff his direct appeal was dismissed on procedural grounds on October 10, 2005 (Dkt. # 9,

page 4).  While the direct appeal was pending, Mr. Schillereff filed a collateral challenge to his

conviction on September 28, 2005.  That challenge was dismissed by the Washington State Court of

REPORT AND RECOMMENDATION- 1

1  Appeals on May 19, 2006 (Dkt. # 9, page 5).  A motion for discretionary review from the order

2  dismissing his collateral challenge is still pending before the State Supreme Court (Dkt. # 9, page 5).

3  Thus, since the time of his conviction, Mr. Schillereff has had a challenge to the conviction pending

4  in state court continually.

5      Mr. Schillereff filed an empty shell or "skeleton" petition in this court to avoid the running of

6  the one year statute of limitations imposed on filing a habeas corpus action (Dkt. # 5).  He did not

7  realize the one year time frame will not commence until the completion of the state review in this

8  case.

9      As the one year time frame has not begun to run, Mr. Schillereff's "skeleton" petition is not

10 needed.  There is no reason to consider Mr. Schillereff's request to hold this matter in abeyance

11 (Dkt. # 6).  On October 18, 2006 the court entered an order to show cause why this matter should

12 not be dismissed without prejudice as unexhausted pursuant to Rose v. Lundy, 455 U.S. 509 (1982).

13 Mr. Schillereff's response convinces the court the petition should be dismissed without prejudice

14 (Dkt. # 9).  The one year time frame for filing a federal petition has not begun to run in this case and

15 the petition is premature.  Accordingly the court recommends this petition be **DISMISSED**

16 **WITHOUT PREJUDICE AS UNEXHAUSTED AND PREMATURE.**  A proposed order

17 accompanies this Report and Recommendation.

18     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

19 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

20 R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

21 appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

22 72(b), the clerk is directed to set the matter for consideration on **December 29th, 2006** as noted in

23 the caption.

24     Dated this 5th day of December, 2006.

25

26     */S/ J. Kelley Arnold*
       J. Kelley Arnold
       United States Magistrate Judge

27

28 REPORT AND RECOMMENDATION- 2